RESERVE NATURAL GAS CO. OF LOUISIANA, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 14185, 17707. Promulgated March 19, 1929.

*J. S. Y. Ivins, Esq.,* for the petitioner.
*Byron M. Coon, Esq.,* and *C. R. Marshall, Esq.,* for the respondent.

952

OPINION.

MILLIKEN: As set forth in our opening statement, these proceedings were submitted upon a stipulation which was signed by counsel for each party. The stipulation reads:

These causes now appearing upon the day calendar for trial on December 12, 1928, and the petitioner being willing to abandon its contentions with respect to depreciation on pipe line and compressor station, leaving in issue only the question of proper deductions for exhaustion of petitioner's contract with the Arkansas Natural Gas Company, The Texas Company and the Southwestern Gas and Electric Company, and the proper amount to be included in invested capital on account of that contract, and the attorneys being desirous of submitting these issues without oral argument, it is hereby

STIPULATED that the Board may consider these cases submitted upon the pleadings filed in the above-entitled cases and upon the findings of fact adopted by the Board in Reserve Natural Gas Company of Louisiana v. Commissioner, Docket Nos. 8704 and 9006, reported in 12 B. T. A. at page 219, and the facts set forth in the following paragraph:

It is further stipulated and agreed that the par value of the total stock of the petitioner outstanding on each of the following dates, to wit: March 3, 1917, January 1, 1920 and January 1, 1921, was $1,700,000.00.

Counsel for the parties join in moving that the Board allow forty-five days for filing briefs.

There is nothing in the pleadings in these proceedings, nor in the evidence, which was stipulated, that indicates in the slightest degree that we are in any way precluded from determining whether the contract set forth in our findings of fact and referred to in the above stipulation is tangible or intangible property within the meaning of

section 325 (a) of the Revenue Acts of 1918 and 1921. A reading of the stipulation discloses that it was specifically stipulated that there was left for our decision the question of "the amount to be included in invested capital on account of that contract, * * *." Notwithstanding that petitioner through its counsel has stipulated the value of the contract involved and that the Board may determine the proper amount to be included in invested capital on account of said contract, and notwithstanding the fact that the only question thus left open in this respect is whether such contract was tangible or intangible property, petitioner's counsel asserts in his brief that we are precluded from making such a determination for the reason that this question is *res adjudicata* by reason of our decision in *Reserve Natural Gas Co. of Louisiana*, 12 B. T. A. 219. It is needless to point out that under these circumstances counsel for respondent have not discussed this question. They have discussed and argued the one question submitted on this point, to wit, whether the contract is tangible or intangible property.

Without discussing or deciding whether we are barred by our decision in the former proceeding, if that question was properly before us, in view of the fact that the issue whether the contract was tangible or intangible property was not distinctly put in issue and directly decided in that proceeding (see *Cromwell* v. *County of Sac*, 94 U. S. 351, and *Southern Pacific Railroad* v. *United States*, 168 U. S. 1); and without deciding or discussing the question how far the doctrine of *res adjudicata* is applicable in tax proceedings, such as the instant proceedings (cf. *United States* v. *Stone & Downer Co.*, 274 U. S. 225, and *Union Metal Mfg. Co.*, 4 B. T. A. 287); it is only necessary to point out that the effect of our former decision is not raised by the pleadings in these proceedings. Further, petitioner is estopped by the stipulation from raising this question. 34 C. J. 749. There is no merit in this contention and we will now pass on to the question, which by the stipulation is submitted to us for decision and which is whether the contract involved is tangible or intangible property within the meaning of section 325 of the Revenue Acts of 1918 and 1921. The pertinent part of these sections reads:

SEC. 325. (a) That as used in this title—

The term "intangible property" means patents, copyrights, secret processes and formulae, good will, trade-marks, trade-brands, franchises, *and other like property;*

The term "tangible property" means *stocks, bonds, notes, and other evidences of indebtedness, bills and accounts receivable*, leaseholds, and other property other than intangible property. (Italics supplied.)

It is at once apparent that the above definition of the term "tangible property" includes classes of property which at common law

would be classified as intangibles. Bouvier defines the term "tangible property" as follows: "That which may be felt or touched; it must necessarily be corporeal, but it may be real or personal." Thus we find that the common law concept of tangible property must to a large extent be disregarded. The statutory definition of "intangible property" includes only certain specified classes of property and "other like property." On the other hand the statutory definition of the term "tangible property" specifically includes certain classes of property which at common law would be termed intangible property. It further includes "other property other than intangible property." The term "tangible property" is the general term and the term "intangible property" is the exception.

Before we can find that the contract involved is an intangible, we must find that it partakes of the nature of a patent, or of a copyright, or of a secret process or formula, or of good will, or of a trade-mark, or of a trade brand, or of a franchise. Gas can not be held to resemble any one of these classes of property. Nor does a contract to purchase and sell gas bear any resemblance to any one of the enumerated classes of intangible property. See *Wall & Ochs, Inc.*, 4 B. T. A. 1093. We are, therefore, of opinion that since the contract bears no resemblance to any one of the enumerated classes of intangible property, it must be held to be "tangible property" as that term is defined in section 325 (a) of the Revenue Acts of 1918 and 1921. This conclusion is in harmony with article 223 of Regulations 45 and 62, which classifies casing-head gas contracts as tangible assets and with respondent's ruling in S. M. 4116, Cumulative Bulletin IV–2, p. 233.

We are, therefore, of opinion that the stipulated value of the contract in September, 1914, when it was paid in for stock, to wit, $1,200,000, should be included in the computation of invested capital and should be used for the computation of exhaustion allowances.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

Green concurs in the result.